**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH R. LORDAN, SB# 265610
  E-Mail: Joseph.Lordan@lewisbrisbois.com
SARA ADIBISEDEH, SB# 244778
  E-Mail: Sara.Adibisedeh@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant G4S SECURE
SOLUTIONS (USA) INC., a Florida corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| SAMER AYOUB, an individual,<br><br>                    Plaintiff,<br><br>    vs.<br><br>G4S SECURE SOLUTIONS (USA) INC., a Florida corporation; and DOES 1-25, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(b), AND 1446**<br><br>**[DIVERSITY OF CITIZENSHIP]**<br><br>Action Filed:    January 8, 2016<br>Trial Date:      None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

   **PLEASE TAKE NOTICE** that Defendants G4S SECURE SOLUTIONS (USA) INC., a Florida corporation (referred to hereafter as "Defendant"), by and through its counsel, hereby removes to this Court the state civil action described below on the basis of diversity of citizenship pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446, and as grounds for this removal allege the following:

**I.    JURISDICTION AND VENUE**

   The Court has jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. section 1332(a) and Defendant may remove this action to this Court in accordance with 28 U.S.C. section 1441(a) because this is an action between citizens of different states and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28

2  U.S.C. sections 1332, 1441(a), and 1446(b).

3       Venue is proper in this Court pursuant to 28 U.S.C. sections 84(a), 1391 and 1446.

4  **II.**    **STATUS OF THE PLEADINGS**

5       On January 8, 2016, Plaintiff Samer Ayoub ("Plaintiff"), by and through his attorney of

6  record, filed a civil action in the Superior Court of the State of California for the County of San

7  Francisco, entitled *SAMER AYOUB, an individual, Plaintiff, v. G4S SECURE SOLUTIONS (USA)*

8  *INC.;* Case No. CGC-16-549795.  A true and correct copy of the Complaint, Summons, Civil

9  Cover Sheet, Notice to Plaintiff of Case Management Conference, and ADR Program Information

10  Package with blank stipulation is attached to this Notice of Removal as **Exhibit A**. (See

11  Declaration of Sara Adibisedeh, herein referred to as "Adibisedeh Decl." ¶2).

12       Plaintiff's Complaint arises out of events related to his employment with Defendant in San

13  Francisco, California and he asserts the following claims for relief: (1) Employment

14  Discrimination; (2) Failure to Engage In Timely, Good Faith Interactive process to Accommodate

15  Physical Disability; (3) Failure to Make Reasonable Accommodation For Physical Disability; (4)

16  Failure to Hire In Violation of Government Code section 12940(m); and (5) Wrongful

17  Termination in Violation of Public Policy. See attached **Exhibit A.**

18       On or about January 20, 2016, Defendant was served with a Complaint, Summons, Civil

19  Cover Sheet, Notice to Plaintiff of Case Management Conference, and ADR Program Information

20  Package via personal service.  A true and correct copy of the Proof of Service is attached as

21  **Exhibit B**.  (Adibisedeh Decl. ¶ 3).

22       Defendant has answered in the State Court action.  A true and correct copy of the Answer

23  is attached as **Exhibit C.**

24       Pursuant to 28 U.S.C. § 1446(a), Exhibits A to C constitute all process, pleadings, and

25  orders that have been filed in the state court action.

26       This Notice of Removal is filed within thirty (30) days of service of the state court action

27  and is therefore timely under 28 U.S.C. § 1446(b).

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5411-6909.1

III.   **REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP**

A.   **Plaintiff and Defendants Are Not Citizens of the Same State**

For purposes of diversity jurisdiction, a natural person's citizenship is determined by the state of their domicile. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090. Plaintiff is and has been, both upon the filing of the Complaint and the filing of this Notice, a resident and citizen of California.  Plaintiff alleges that he "is an individual over the age of eighteen years old, residing in the State of California."  (Complaint at p. 2, lines 2-3.)

At the time Plaintiff's Complaint was filed and at the time of this Notice of Removal, Defendant is a resident and citizen of Florida.  (See Declaration of Steven Muscatello, herein referred to as "Muscatello Decl." ¶¶ 4 - 6.)  Defendant is incorporated in the state of Florida.  (Muscatello Decl. ¶ 5).  In *Hertz Corp. v. Friend* (2010) 130 S. Ct. 1181, the United States Supreme Court eliminated any uncertainty as to the meaning of "principal place of business." Specifically, the principal place of business is the "nerve center" where the company's high level officers direct, control and coordinate the company's activities.  (*Id.* at 1184-1185.)  Defendant's high level officers direct, control and coordinate its operations from Jupiter, Florida. (Muscatello Decl. ¶ 6.)  Therefore, for purposes of diversity of citizenship, Defendant is a resident and citizen of Florida with its principal place of business in Florida.  As a result, Defendant is a resident and citizen of Florida for purposes of diversity of citizenship.

Since Plaintiff and Defendant are not citizens or residents of the same state, removal of this action on the basis of complete diversity of citizenship is proper.

B.   **The Amount in Controversy Exceeds $75,000**

In his Complaint, Plaintiff alleges that the amount in controversy is more than $25,000. (Complaint at p. 1.)  Plaintiff demands judgment against Defendant for economic and general damages, pre-judgment interest, costs of suit, punitive damages and attorney's fees.  (Complaint at p. 10, lines 14-20.)  In his Complaint, Plaintiff alleges that Defendant terminated him on or around February 20, 2015.  (Complaint at p. 4, ¶ 18, line 20.)  In his complaint and prayer for relief, Plaintiff requests that he receive compensation for his past and future lost earnings. (Complaint at p. 9, ¶ 41, lines 24-26.)  Furthermore, Plaintiff alleges that he was earning more

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-5411-6909.1
3
NOTICE OF REMOVAL OF ACTION

1  than $16.84 per hour, working more than eight hours per day at least five days per week for

2  Defendant.  (Complaint at p. 3, ¶ 41, lines 12-21.)  As Plaintiff has not been working for

3  Defendant for approximately 53 weeks, it is anticipated he will claim more than $35,700.80

4  (calculated as $16.84 x 8 hours per day x 5 days per week x 53 weeks) in lost wages.

5  Conservatively assuming that Plaintiff claims at least the same amount in future lost wages plus

6  interest at the statutory rate, the amount in controversy would well exceed $75,000. Plaintiff also

7  requests emotional distress, special damages, punitive damages and attorney's fees.  (Complaint at

8  pp. 9-10, ¶¶ 41-42)

9       In *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 862, the court held

10  that a removing defendant must show by a preponderance of the evidence that the amount in

11  controversy more likely than not exceeds $75,000.  In this case, considering Plaintiff's claimed

12  lost and future wages plus interest along with the claim for both punitive damages and attorney's

13  fees, it is facially apparent from the Complaint that the claims likely exceed $75,000.

14       WHEREFORE, Defendant files this Notice of Removal of this action from the aforesaid

15  Superior Court, in which it is now pending, to the District Court of the United States, Northern

16  District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, a copy of

17  which has been served upon Plaintiff.

18  DATED: February 19, 2016            LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20                      By:   /s/ Sara Adibisedeh
                              Joseph R. Lordan
21                            Sara Adibisedeh
                              Attorneys for Defendant
22                            G4S SECURE SOLUTIONS (USA) INC.

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CERTIFICATE OF SERVICE

2

*Ayoub v. G4S Secure Solutions (USA) Inc. et al.*
**United States District Court, Northern District Case No.** _____

3

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4

5
At the time of service, I was over 18 years of age and not a party to the action.  My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

6
On February 19, 2016, I served the following document(s):

7
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441(b), AND 1446 [DIVERSITY OF CITIZENSHIP]**

8

9
I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

10

11

12

13
**Howard Rutten**
**Luke Sheldon**
**The Rutten Law Firm, APC**
**4221 Coldwater Canyon Avenue**
**Studio City, CA   91604**
**Telephone: (818) 308-6915**
**Emails:** howard@ruttenlawfirm.com
          luke@ruttenlawfirm.com

14
The document was served by the following means:

15

16
☒ **(BY COURT'S CM/ECF SYSTEM)**  Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the person listed above.

17

18

19

20
☒  **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the person at the address listed above and placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

21

22
I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

23

24
Executed on February 19, 2016, at San Francisco, California.

25

26
/s/ Karen Hurtado
Karen Hurtado

27

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

4829-5411-6909. 1

1

# EXHIBIT A

1　Howard Rutten (SBN 164820)
　　Luke Sheldon (SBN 306112)
2　**The Rutten Law Firm, APC**
　　4221 Coldwater Canyon Ave.
3　Studio City, California 91604
　　Telephone: (818) 308-6915
4　howard@ruttenlawfirm.com

5　Attorneys for Plaintiff
　　SAMER AYOUB, an individual

6

7

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JAN 08 2016

CLERK OF THE COURT
BY: ___ARLENE RAMOS___
　　　　　　　　Deputy Clerk

8　　　　　　**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9　　　　　　　　**FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| 10　SAMER AYOUB, an individual, | Case No.　**CGC -16 -549795** |
| 11　　　　　Plaintiff, | **Complaint for Damages For:** |
| 12　v. | 1.　**Employment Discrimination Because of Physical Disability in Violation of Government Code § 12940(a);** |
| 13　G4S SECURE SOLUTIONS (USA) INC., a Florida corporation; and | |
| 14　DOES 1-25, inclusive, | 2.　**Failure to Engage in Timely, Good Faith Interactive Process to Accommodate Physical Disability in Violation of Government Code § 12940(n); and** |
| 15　　　　　Defendants. | |
| 16 | |
| 17　　　*UNLIMITED CIVIL CASE* | 3.　**Failure to Make Reasonable Accommodation for Physical Disability in Violation of Government Code § 12940(m)** |
| 18　*Amount in controversy > $25,000* | |
| 19 | |
| 20 | 4.　**Failure to Hire in Violation of Government Code § 12940(a)** |
| 21 | |
| 22 | 5.　**Wrongful Termination in Violation of Public Policy** |
| 23 | **Demand for Jury Trial** |

24　　　Plaintiff SAMER AYOUB, an individual, hereby complains against defendant G4S

25　SECURE SOLUTIONS (USA) INC., a Florida corporation, and DOES 1-25, inclusive,

26　and each of them, and alleges as follows:

27

28　　　　　　　　　　　　　　　　1

**GENERAL ALLEGATIONS**

1.     Plaintiff SAMER AYOUB ("Plaintiff") is an individual over the age of eighteen years old, residing in the State of California.

2.     Defendant G4S SECURE SOLUTIONS (USA) INC. ("G4S"), purports to be a corporation organized and existing pursuant to the laws of the State of Florida.

3.     The true names, identities, or capacities whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 25, inclusive, are unknown to the Plaintiff who therefore sues said defendants by such fictitious names.  When the true names, identities or capacities of such fictitiously designated defendants are ascertained, Plaintiff will amend this complaint to insert said true names, identities, and capacities.

4.     Plaintiff is informed and believes and thereon alleges that each of the above fictitiously named defendants negligently or intentionally engaged in wrongdoing with respect to the matters alleged herein, or, alternatively, authorized or ratified such wrongdoing, and that each of the fictitiously named defendants is responsible in some manner for the damages suffered by Plaintiff.

5.     Defendants DOES 1 through 25 were individuals who were the agents, employees, partners, participants, members, volunteers, servants, representatives, persons providing services pursuant to a contract, independent contractors, joint venturers or other participants with or of the other defendants named herein and in doing the things hereinafter mentioned, were acting within the course and scope of said agency, employment, membership or other relationship with said defendants.

6.     At all times herein mentioned, defendants, whether or not specifically identified or designated herein as a DOE, and each of them, were the agents, employees, partners, participants, members, volunteers, servants, representatives, persons providing services pursuant to a contract, independent contractors, joint venturers or other participants with or of the other defendants named herein and with each other, and in

2

1  doing the things hereinafter mentioned, were agents, employees, servants, partners, joint

2  venturers, and acted with the consent, ratification and permission of the other defendants,

3  and each of them.

4      7.    All defendants herein, including all entity, individual and Doe defendants

5  shall be collectively referred to throughout this complaint as "Defendant" or

6  "defendants."

7      8.    At all times relevant herein, Defendant was an employer within the meaning

8  of Government Code § 12926(d).

9                             **FACTUAL BACKGROUND**

10      9.    Defendant G4S provides security services worldwide to corporate,

11  industrial, and government organizations.

12      10.    G4S hired Plaintiff in 2007 to work as a Bank Security Officer, earning

13  $16.84 per hour. During almost 8 years of service with G4S, Plaintiff performed his job

14  with skill, diligence and loyalty. Plaintiff was a top security officer, with G4S giving him

15  several pay raises and positive performance reviews.

16      11.    In performing his job duties, G4S required Plaintiff to stand for about nine

17  to twelve hours per day. He was permitted to sit only during two fifteen minute rest breaks

18  and one thirty minute meal break per day. The company did not permit him to use a stool,

19  to lean against any wall or object, or to use any other means of supporting himself or

20  dispersing his body weight. Plaintiff worked five to six days per week as such, standing

21  on concrete cement.

22      12.    Toward approximately the end of 2013 and/or the beginning of 2014,

23  Plaintiff began to experience pain in his left foot. This pain dramatically increased in or

24  about February 2014. Plaintiff sought medical treatment and was diagnosed with work-

25  related plantar fasciitis. Plaintiff's injury and/or condition was a physical disability within

26  the meaning of Government Code § 12926(m).

27

28                        3

13.     G4S management was notified of Plaintiff's physical disability, his need to rest his feet, and/or his need to decrease the amount of time he spent standing and/or walking on concrete. A physician recommended that Plaintiff be given modified duty and to limit the number of hours he spent standing and/or walking. Plaintiff repeatedly requested, among other things, that G4S transfer him to a position that required less walking and/or standing, and/or allowed him to use a chair or stool.

14.     G4S refused at all relevant times to provide Plaintiff with any reasonable accommodation for his physical disability.

15.     As a result of G4S' unwillingness to accommodate Plaintiff's physical disability, he was forced to take a medical leave of absence on or about May 22, 2014.

16.     While on medical leave, Plaintiff continually notified G4S of his desire to return to work, including, but not limited to, on modified duty and/or with reasonable accommodations, and/or to be transferred to a different position that did not require him to stand on his feet for nine to twelve hours per day. G4S did not respond to Plaintiff's requests.

17.     On or about December 19, 2014, Plaintiff received an email from G4S inquiring about his status. Plaintiff promptly called G4S and again reiterated his desire to return to work, including, but not limited to, on modified duty and/or with reasonable accommodations, and/or to be transferred to a different position.

18.     On or about February 10, 2015, G4S terminated Plaintiff because of his physical disability.

19.     On or about November 18, 2015, seeking to be rehired, Plaintiff contacted the director of human resources for G4S, who directed him to the company website and/or his local G4S office. Plaintiff applied to several open positions that were listed on the company's website and for which he was qualified.

20. On or about November 24, 2015, Plaintiff contacted his local G4S human resources manager regarding the applications he submitted and his eligibility for rehire. The company did not respond and has refused to re-hire Plaintiff because of his physical disability.

21. Plaintiff timely filed charges against Defendant with the California Department of Fair Employment and Housing (DFEH), and has received a Right-to-Sue letter from the Department regarding the employment-related claims asserted in this action. Accordingly, Plaintiff has fully exhausted his administrative remedies as to such claims and timely filed this action.

### FIRST CAUSE OF ACTION
**Employment Discrimination Because of Physical Disability
in Violation of Government Code § 12940(a)**

22. Plaintiff repeats and incorporates by reference each and every allegation contained in all preceding paragraphs of this complaint as if set forth here in full.

23. Defendant's termination of Plaintiff and/or its refusal to re-hire Plaintiff because of his physical disability were done in violation of the Fair Employment and Housing Act, Government Code §§ 12900 et seq.

24. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has and will continue to suffer economic damages, lost income and benefits, and general damages, including, but not limited to, emotional distress, pain, and suffering, all in an amount to be proven at trial.

25. The above described acts of Defendants, including, but not limited to, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and his rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil

5

1   Code § 3294. Plaintiff requests an assessment of punitive damages against Defendants,

2   in an amount to be proven at time of trial.

3                                    **SECOND CAUSE OF ACTION**
     **Failure to Engage in Timely, Good Faith Interactive Process to Accommodate**
4                 **Physical Disability in Violation of Government Code § 12940(n)**

5        26.     Plaintiff repeats and incorporates by reference each and every allegation

6   contained in all preceding paragraphs of this complaint as if set forth here in full.

7        27.     In doing the things herein alleged, Defendant violated California's Fair

8   Employment and Housing Act, including, but not limited to, Government Code §

9   12940(n), by failing to engage in a timely, good faith, interactive process with Plaintiff

10  to determine effective reasonable accommodations for his physical disabilities.

11       28.     As a direct and proximate result of the aforementioned acts and omissions

12  of Defendant, Plaintiff has and will continue to suffer economic damages, including but

13  not limited to a reduction in past and current income, a reduction in future income and

14  income potential, and general damages, including but not limited to emotional distress

15  damages, pain, suffering and injury, all in an amount to be proven at trial.

16       29.     In doing the things herein alleged, defendants were guilty of oppression,

17  fraud and malice in that they, among other things, acted with a wilful and conscious

18  disregard for Plaintiff's rights, health and safety and, insofar as the things alleged were

19  attributable to employees of defendants, said employees were employed by defendants

20  with advance knowledge of the unfitness of the employees and/or they were employed

21  with a conscious disregard for the rights of others and/or defendants authorized or ratified

22  the wrongful conduct and/or there was advance knowledge, conscious disregard,

23  authorization, ratification or act of oppression, fraud or malice on the part of an officer,

24  director or managing agent of defendants all entitling Plaintiff to the recovery of

25  exemplary and punitive damages.

26

27

28                                              6

**THIRD CAUSE OF ACTION**
**Failure to Make Reasonable Accommodation for Physical Disability**
**in Violation of Government Code § 12940(m)**

30.     Plaintiff repeats and incorporates by reference each and every allegation contained in all preceding paragraphs of this complaint as if set forth here in full.

31.     In doing the things herein alleged, Defendant violated California's Fair Employment and Housing Act, including, but not limited to, Government Code § 12940(m), by failing to make reasonable accommodation for Plaintiff's physical disabilities.

32.     As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, including but not limited to a reduction in past and current income, a reduction in future income and income potential, and general damages, including but not limited to emotional distress damages, pain, suffering and injury, all in an amount to be proven at trial.

33.     In doing the things herein alleged, defendants were guilty of oppression, fraud and malice in that they, among other things, acted with a wilful and conscious disregard for Plaintiff's rights, health and safety and, insofar as the things alleged were attributable to employees of defendants, said employees were employed by defendants with advance knowledge of the unfitness of the employees and/or they were employed with a conscious disregard for the rights of others and/or defendants authorized or ratified the wrongful conduct and/or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of defendants all entitling Plaintiff to the recovery of exemplary and punitive damages.

///

///

///

7

## FOURTH CAUSE OF ACTION
### Failure to Hire in Violation of Government Code  § 12940(a)

34.     Plaintiff repeats and incorporates by reference each and every allegation contained in all preceding paragraphs of this complaint as if set forth here in full.

35.     In doing the things herein alleged, Defendant violated California's Fair Employment and Housing Act, including, but not limited to, Government Code § 12940(a), by failing to hire and/or re-hire Plaintiff because of his physical disabilities. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, including but not limited to a reduction in past and current income, a reduction in future income and income potential, and general damages, including but not limited to emotional distress damages, pain, suffering and injury, all in an amount to be proven at trial.

36.     In doing the things herein alleged, defendants were guilty of oppression, fraud and malice in that they, among other things, acted with a wilful and conscious disregard for Plaintiff's rights, health and safety and, insofar as the things alleged were attributable to employees of defendants, said employees were employed by defendants with advance knowledge of the unfitness of the employees and/or they were employed with a conscious disregard for the rights of others and/or defendants authorized or ratified the wrongful conduct and/or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of defendants all entitling Plaintiff to the recovery of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

37.     Plaintiff repeats and incorporates by reference each and every allegation contained in all preceding paragraphs of this complaint as if set forth here in full.

8

38.     The Fair Employment and Housing Act delineates a public policy the State of California against disability discrimination in employment, as one expression of a broad policy against disability discrimination that appears in a variety of legislative enactments. (*See, e.g., Civ. Code* §§ 51, 54 (barring disability discrimination in public accommodations); *Gov. Code* §§ 11135 (barring disability discrimination in state-funded programs); 19230 (declaring state policy to encourage disabled persons to participate in the social and economic life of the state); and 19702 (barring disability discrimination in state civil service employment). This policy inures to the benefit of the public because (1) any member of the public may develop a disability and become the victim of disability  discrimination, (2) the public at large benefits from the productivity of disabled employees, and (3) any type of invidious discrimination foments strife and unrest. The policy against disability discrimination has been included in the FEHA since July 1, 1974, and therefore is well established, substantial and fundamental.

39.     It is further the public policy of the State of California, as codified, expressed, and mandated in Government Code § 12945.2, to ensure that those who have exercised their right to medical leave under the CFRA are guaranteed employment in the same or  comparable positions upon their return. This public policy is designed to promote the welfare and well-being of the community at large by protecting the right of California employees to take leave from work in order to attend to family and medical care needs.

40.     Defendant's termination of Plaintiff was in violation of the public policies stated above.

41.     As a direct and proximate result of the aforementioned acts and omissions of Defendant, Plaintiff has and will continue to suffer economic damages, including but not limited to a reduction in past and current income, a reduction in

9

future income and income potential, and general damages, including but not limited to emotional distress damages, pain, suffering and injury, all in an amount to be proven at trial.

42.     In doing the things herein alleged, defendants were guilty of oppression, fraud and malice in that they, among other things, acted with a wilful and conscious disregard for Plaintiff's rights, health and safety and, insofar as the things alleged were attributable to employees of defendants, said employees were employed by defendants with advance knowledge of the unfitness of the employees and/or they were employed with a conscious disregard for the rights of others and/or defendants authorized or ratified the wrongful conduct and/or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of defendants all entitling Plaintiff to the recovery of exemplary and punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

1.     For economic and general damages according to proof;

2.     For pre-judgment interest to the extent allowed by law;

3.     For attorneys' fees and costs of suit incurred herein;

4.     For punitive and/or exemplary damages in the maximum amount permitted by law;

5.     For injunctive and declaratory relief prohibiting defendant's future discrimination against persons with disabilities; and

///

///

///

///

10

1   6. For such other and further relief as the Court deems just and proper.

2 DATED: January 5, 2016    **The Rutten Law Firm, APC**

3

4              By: _____

5                 HOWARD RUTTEN

6              Attorneys for Plaintiff
                 SAMER AYOUB

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

PLAINTIFF'S COMPLAINT FOR DAMAGES

1            **DEMAND FOR TRIAL BY JURY**

2     Plaintiff hereby demands a trial by jury.

3     DATED: January 5, 2016             The Rutten Law Firm, APC

4

5                           By: _____

6                                HOWARD RUTTEN

7                         Attorneys for Plaintiff
                              SAMER AYOUB

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                           12

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

G4S SECURE SOLUTIONS (USA) INC., a Florida corporation; and
DOES 1-25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAMER AYOUB, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>(Número del Caso): |
|---|---|
| The name and address of the court is.<br>*(El nombre y dirección de la corte es):* Civic Center Courthouse<br>400 McAllister St., San Francisco, CA 94102 | CGC - 16 - 549795 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Rutten Law Firm, APC, 4221 Coldwater Canyon Avenue, Studio City, California 91604  (818) 308-6915

| DATE: January 5, 2016 JAN 0 6 2016   CLERK OF THE COURT | CLERK OF THE COURT<br>Clerk, by | ARLENE RAMOS | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: G4S SECURE SOLUTIONS (USA) INC. a Florida corporation
   under ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<div style="text-align:right">FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

G4S SECURE SOLUTIONS (USA) INC., a Florida corporation; and
DOES 1-25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAMER AYOUB, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civic Center Courthouse<br>400 McAllister St., San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* CGC-16-549795 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Rutten Law Firm, APC, 4221 Coldwater Canyon Avenue, Studio City, California 91604 (818) 308-6915

| DATE: January 5, 2016   JAN 08 2016 | CLERK OF THE COURT Clerk, by | ARLENE RAMOS | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Howard Rutten (SBN 164820)<br>The Rutten Law Firm, APC<br>4221 Coldwater Canyon Avenue<br>Studio City, California 91604<br>TELEPHONE NO.: 818-308-6915   FAX NO.: 818-924-6400<br>ATTORNEY FOR *(Name):* SAMER AYOUB | ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>JAN 08 2016<br><br>CLERK OF THE COURT<br>BY:   ARLENE RAMOS<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
AYOUB v. G4S SECURE SOLUTIONS (USA) INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-16-549795<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* FIVE
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/5/2016

Howard Rutten
_____   ►   _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependant Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

CASE NUMBER: CGC-16-549795  SAMER AYOUB VS. G4S SECURE SOLUTIONS (USA) INC.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:**   JUN-08-2016
>
> **TIME:**   10:30AM
>
> **PLACE:**   **Department 610**
> **400 McAllister Street**
> **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order, **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state  **This case is eligible for electronic filing and service per Local Rule 2.10.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

### WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet)
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable Michael I. Begert | The Honorable Harold E. Kahn |
| The Honorable Suzanne R. Bolanos | The Honorable Curtis E.A. Karnow |
| The Honorable Angela Bradstreet | The Honorable Charlene P. Kiesselbach |
| The Honorable Andrew Y.S. Cheng | The Honorable James Robertson, II |
| The Honorable Samuel K. Feng | The Honorable Richard B. Ulmer, Jr. |
| The Honorable Charles F. Haines | The Honorable Mary E. Wiss |

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (ja)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: DEPARTMENT 610 |
|---|---|

**1)**    The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐    **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐    **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐    **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐    **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐    **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

     Judge Requested (see list of Judges currently participating in the program): _____

     Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

     ☐ 30-90 days    ☐ 90-120 days    ☐ Other (please specify) _____

☐    Other ADR process (describe) _____

**2)**    The parties agree that the ADR Process shall be completed by (date): _____

**3)**    Plaintiff(s) and Defendant(s) further agree as follows:

_____

| | |
|---|---|
| _____ | _____ |
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  03/15      **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** (Amount demanded (Amount demanded is $25,000 exceeds $25,000) or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:        Time:        Dept.:        Div.:        Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

[ ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request [ ] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. [ ] The trial has been set for *(date):*
   b. [ ] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. [ ] days *(specify number):*
   b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial [ ] by the attorney or party listed in the caption [ ] by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:          f. Fax number:
   e. E-mail address:             g. Party represented:
   [ ] Additional representation is described in Attachment 8.

9. **Preference**
   [ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel [ ] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).
    (1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

• **The trial will be shorter**. Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

• **The jury will be smaller**. There will be 8 jurors instead of 12.

• **Choosing the jury will be faster**. The parties will exercise fewer preemptory challenges.

• **Parties will waive some post trial motions and rights to appeal**. Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

**1) At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

---

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011*

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set**: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment**: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

--------------------------------------------------------------------------

**Expedited Jury Trial Request**
*Please submit a copy of this request to Dept. 610.*

---

Case No. _____

Case Name: _____ v. _____

---

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

---

| Name of Party | Name of Party/Attorney | Signature of Party |
| --- | --- | --- |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01– 630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html*. The rules are at *www.courts.ca.gov/rules*.

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011*

EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>HOWARD RUTTE SBN 164820<br>4221 Coldwater Canyon Ave<br><br>Studio City    CA    91604<br>ATTORNEY FOR (Name   Plaintiff | TELEPHONE NO.<br>(818) 308-6915 | FOR COURT USE ONLY<br>**ELECTRONICALLY**<br>**FILED**<br>Superior Court of California,<br>County of San Francisco |

<br>

| Insert of Court Name of Judicial Distinct and Branch Court if any<br>SAN FRANCISCO COUNTY SUPERIOR COURT, SAN FRANCISCO | **02/05/2016**<br>**Clerk of the Court** |

| SHORT TITLE OF CASE<br>AYOUB v G4S | **BY:**EDNALEEN ALEGRE<br>**Deputy Clerk** |

| 2946015 | (HEARING) Date | Time | Dept | Case Number:<br>CGC16549795 |

| | | | | REFERENCE NO.<br>Ayoub |

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION
   NOTICE TO PLAINTIFF

3. a. PARTY SERVED:   G4S SECURE SOLUTIONS (USA)

   INC., a Florida corporation
   CSC-LAWYERS INCORPORATING SERVICE, AGENT FOR SERVICE
   b. PERSON SERVED:  BECKY DEGEORGE, PERSON AUTHORIZED TO RECEIVE
   CAUCASIAN FEMALE 55YRS 5'7" 240LBS. BLOND HAIR

4. c. ADDRESS:   2710 Gateway Oaks Dr Ste 150n
   Sacramento    CA    95833

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON

   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON   1/20/2016 AT  2:47:00 PM
6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:

   d. ON BEHALF OF:
   G4S SECURE SOLUTIONS (USA)

   INC., a Florida corporation
   CSC-LAWYERS INCORPORATING SERVICE, AGENT FOR SERVICE
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION CCP 416.10

| 7a. Person Serving:  Rigoberto    Pulido | d. The fee for service was    $110.15<br>e. I am: |
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (1)    not a registered California process server:<br>(3) X   registered California process server:<br>(i) Independent Contractor |
| c. (714) 662-5555 | (i) Registration No:    152<br>(i) County:  MERCED |
| 8. I declare under the penalty of perjury under the laws of the State of California that the<br>foregoing is true and correct. Rigoberto   Pulido<br>1/22/2016 | X_____ |
| | SIGNATURE |

EXHIBIT C

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOSEPH R. LORDAN, SB# 265610
2    E-Mail: Joseph.Lordan@lewisbrisbois.com
   SARA ADIBISEDEH, SB# 244778
3    E-Mail: Sara.Adibisedeh@lewisbrisbois.com
   333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
   Telephone: 415.362.2580
5  Facsimile: 415.434.0882

6  Attorneys for Defendant G4S SECURE
   SOLUTIONS (USA) INC., a Florida corporation
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  SAMER AYOUB, an individual,            CASE NO. CGC-16-549795

12              Plaintiff,
                                           **DEFENDANT G4S SECURE SOLUTIONS**
13  vs.                                    **(USA) INC.'S ANSWER TO COMPLAINT**

14  G4S SECURE SOLUTIONS (USA) INC., a
    Florida corporation; and DOES 1-25,
15  inclusive,
                                           Action Filed:    January 8, 2016
16              Defendants.                Trial Date:      None Set

17

18                            **GENERAL DENIAL**

19       Pursuant to Code of Civil Procedure § 431.30(d), Defendant G4S SECURITY

20  SOLUTIONS (USA) INC. ("Defendant") denies generally and specifically, each and every

21  allegation contained in Plaintiff SAMER AYOUB's unverified Complaint ("Complaint").

22                          **AFFIRMATIVE DEFENSES**

23       Defendant also asserts the following affirmative defenses to Plaintiff's Complaint:

24                       **FIRST AFFIRMATIVE DEFENSE**

25                    **(Failure to State a Cause of Action)**

26       Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails

27  to state facts sufficient to constitute a cause of action against Defendant upon which relief may be

28  granted.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-7270-0461.1                                1

## SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200, *et seq.*

## THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiff's Complaint as a whole, and each purported cause of action therein, is barred in whole or part to the extent that it comes to this Court after the applicable statutes of limitation, including, but not limited to, Government Code § 12965, and Code of Civil Procedure §§ 335.1 and 340.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages, including lost wages.

## FIFTH AFFIRMATIVE DEFENSE

### (Offset)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny. Such income shall include all earned income, state disability payments, social security payments, private disability insurance, Medi-Cal and Medicare benefits, Workers' Compensation benefits, and any other monies paid to Plaintiff in compensation for services rendered under any federal, state or local program or from any private insurance.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-7270-0461.1                                    2
DEFENDANT G4S SECURE SOLUTIONS (USA) INC.'S ANSWER TO COMPLAINT

### SIXTH AFFIRMATIVE DEFENSE

#### (Privileged, Good Faith & Justified Conduct)

Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons, and Defendant had a good-faith belief that it had a legal right to engage in the conduct. Defendant's actions were a just and proper exercise of management discretion, were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing and were based on legitimate, non-discriminatory reasons, and were job related for the position in question and consistent with business necessity.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

Plaintiff's second and third causes of action are barred to the extent that any requested accommodation posed an undue hardship to Defendant's operations, pursuant to California Government Code §§ 12940(a)(1) and 12940(m).

### EIGHTH AFFIRMATIVE DEFENSE

#### (Bona Fide Occupational Qualification)

Plaintiff's claims of discrimination are barred because Defendant was entitled to consider Plaintiff's protected status(es) as a job requirement.

### NINTH AFFIRMATIVE DEFENSE

#### (Health or Safety Risk)

Even with reasonable accommodations, Plaintiff was unable to perform an essential job duty without endangering her health or safety or the health or safety of others.

### TENTH AFFIRMATIVE DEFENSE

#### (Proximate Cause)

In the event that Defendant is in some manner found legally responsible for damages allegedly sustained by Plaintiff, and such damages were proximately caused or contributed to by

BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-7270-0461.1
3
DEFENDANT G4S SECURE SOLUTIONS (USA) INC.'S ANSWER TO COMPLAINT

1 │ Plaintiff and/or third parties, Defendant should be indemnified by Plaintiff and/or such third

2 │ parties.  This defense is alleged in the alternative and does not admit any of the

3 │ allegations contained in the Complaint.

4 │ <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

5 │ <center>**(At-Will Employment)**</center>

6 │
7 │ Defendants' conduct was privileged as an exercise of Defendants' legal rights to terminate
    │ an at-will employee.
8 │

9 │ <center>**TWELFTH AFFIRMATIVE DEFENSE**</center>

10 │ <center>**(Waiver)**</center>

11 │ Defendants are informed and believe and thereon allege that Plaintiff has waived any

12 │ and all claims that he may have had or has against Defendants arising from the transactions

13 │ and occurrences contained in the Complaint as well as waived the right to proceed for the

14 │ damages stated in the Complaint.

15 │ <center>**THIRTEENTH AFFIRMATIVE DEFENSE**</center>

16 │ <center>**(Unclean Hands)**</center>

17 │ The Complaint as a whole, and each purported cause of action alleged therein, is barred to the

18 │ extent Plaintiff comes to this Court with unclean hands.

19 │ <center>**FOURTEENTH AFFIRMATIVE DEFENSE**</center>

20 │ <center>**(Estoppel)**</center>

21 │ The Complaint as a whole, and each purported cause of action alleged therein, is barred to the

22 │ extent Plaintiff is estopped by his own conduct to claim any right to damages or any relief against

23 │ Defendant.

24 │ <center>**FIFTEENTH AFFIRMATIVE DEFENSE**</center>

25 │ <center>**(Doctrine of Laches)**</center>

26 │ Defendants are informed and believe and thereon allege that Plaintiff's Complaint is

27 │ barred, in its entirety, by the Doctrine of Laches.

28 │ ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Consent)

3      Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged acts,

4 omissions, and/or conduct of Defendant.

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

6

### (Failure to Satisfactorily Perform)

7
       Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

8
barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct

9
himself in accordance with the standards and policies of Defendant.

10

11

## EIGHTEENTH AFFIRMATIVE DEFENSE

12

### (Contributory Fault)

13      If Plaintiff sustained any loss, injury, damage or detriment as alleged in the Complaint,

14 such loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff

15 because Plaintiff did not exercise reasonable care, and Plaintiff's loss, injury, damage or

16 detriment, if any, should be reduced in proportion to the percentage of Plaintiffs own comparative

17 or contributory negligence.

18

## NINTEENTH AFFIRMATIVE DEFENSE

19

### (Preexisting Physical or Mental Conditions)

20      Defendant is relieved of any liability whatsoever as to Plaintiffs claims for

21 damages set forth in the Complaint to the extent Plaintiff seeks redress for physical and emotional

22 injuries arising from preexisting physical or mental conditions.

23

## TWENTIETH AFFIRMATIVE DEFENSE

24

### (After-Acquired Evidence)

25      On information and belief, the Complaint, and each purported cause of action

26

27 alleged therein, is barred by the doctrine of after-acquired evidence, or the doctrine of after-

28 acquired evidence limits and reduces Plaintiff's alleged damages.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### (No Actual Damages)

3      Plaintiff has failed to meet his burden inasmuch as he has not proven actual

4  damages, including but not limited to Plaintiff's failure to prove actual unpaid wages or unlawful

5  deductions.

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

7

### (Lack of Actual or Constructive Knowledge)
      Plaintiff has failed to meet his burden inasmuch as all claims stated in Plaintiff's

8
   Complaint are barred in whole or in part because Defendant lacked actual or constructive
9
   knowledge of alleged Labor Code violations, unpaid wages, or retaliatory conduct, and Plaintiff
10
   failed to request or demand alleged unpaid wages, or otherwise notify Defendant of alleged
11
   unpaid wages or retaliatory conduct.
12

## TWENTY-THIRD AFFIRMATIVE DEFENSE
13

### (Exercise of Reasonable Care)
14
      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is
15
   barred in whole or in part because, to the extent that any actions of Defendant could be
16
   construed as unlawful retaliation (which Defendant denies), Defendant exercised reasonable
17
   care to prevent such conduct and would have taken immediate and appropriate corrective
18
   action to remedy and stop any such alleged misconduct had Plaintiff complained about such
19
   alleged retaliatory conduct. Plaintiff unreasonably failed to utilize preventative or corrective
20
   remedies provided by Defendant and failed to otherwise avoid such harm. This answering
21
   Defendant maintains policies against discrimination, harassment, and retaliation, provides
22
   training on the aforementioned topics, and maintains a procedure whereby employees who
23
   feel they have been subjected to unlawful discrimination, harassment, or retaliation may
24
   complain.
25

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
26

### (Avoidable Consequences)
27
      Plaintiff failed to utilize or exhaust, in good faith, Defendant's reasonable internal
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | grievance procedures, thus failing to avoid the consequences of any alleged discrimination or
2 | other alleged unlawful act.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Business Necessity)

Plaintiffs Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part, because even assuming *arguendo* that retaliatory reasons were a factor in any employment decision involving Plaintiff, Defendant would have made the same employment decision with regard to Plaintiff in any case for legitimate, lawful, non-discriminatory and non-retaliatory business reasons.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Lack of Reasonable Care)

Plaintiff is precluded from asserting his Complaint and the causes of action therein because he failed to exercise reasonable care to avoid the injuries he purportedly suffered in that, among other things, Plaintiff unreasonably failed to request any accommodations and/or engage in a good faith interactive process to accommodate physical disability.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (No Punitive Damages)

Plaintiff's Complaint and each and every cause of action set forth therein alleged against Defendant fail to state facts sufficient to recover punitive or exemplary damages or to show that Defendant was guilty of malice, oppression or fraud as required by California Code of Civil Procedure section 3294.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

Plaintiff's causes of action are barred as Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies under the Fair Employment and Housing Act, California Government Code section 12940, *et seq.*, the Equal Employment Opportunity Commission, 42 U.S.C. section 2000(e), *et seq.* (Title VII of the Civil Rights Act of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-7270-0461.1                                    7
DEFENDANT G4S SECURE SOLUTIONS (USA) INC.'S ANSWER TO COMPLAINT

1 | 1964), the California Labor Code, and/or any other applicable administrative remedy.

2 | **TWENTY-NINTH AFFIRMATIVE DEFENSE**

3 | **(Procedural Due Process)**

4 | Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates

5 | the rights of Defendant to procedural due process under the Fourteenth Amendment to the United

6 | States Constitution and under the Constitution of the State of California and, therefore, fails to

7 | state a cause of action upon which punitive or exemplary damages may be awarded.

8 |

9 | **THIRTIETH AFFIRMATIVE DEFENSE**

10 | **(Mixed Motive Doctrine)**

11 | Plaintiff is precluded from recovery of reinstatement, back pay or damages because of the

12 | mixed motive doctrine. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 232.) Plaintiff's

13 | Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in

14 | part because, because, even if Defendant's actions were motivated in part by an illegal reason such

15 | as discrimination or wrongful termination, which Defendant denies, Defendant would have taken

16 | the same action against Plaintiff regardless of any alleged illegal reason, and the illegal reason was

17 | not a substantial factor.

18 | **ADDITIONAL AFFIRMATIVE DEFENSES**

19 | **(Unknown Defenses)**

20 | Defendant presently has insufficient knowledge or information on which to form a

21 | belief as to whether it may have additional as yet unstated defenses available. Defendant

22 | reserves herein the right to assert additional defenses in the event discovery indicates that it

23 | would be appropriate.

24 | WHEREFORE, Defendant prays for judgment as follows:

25 | 1.  That Plaintiff take nothing by his Complaint;

26 | 2.  That the Complaint be dismissed in its entirety with prejudice;

27 | 3.  That Plaintiff be denied each and every demand and prayer for relief contained in

28 | the Complaint;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-7270-0461.1
8
DEFENDANT G4S SECURE SOLUTIONS (USA) INC.'S ANSWER TO COMPLAINT

1      4.  For costs of suit incurred herein, including reasonable attorneys' fees; and

2      5.  For such other and further relief as the Court deems just and equitable.

3

4    DATED: February 19, 2016             LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6                                        By:  _____

7                                             Joseph R. Lordan
                                              Sara Adibisedeh
                                              Attorneys for Defendant G4S SECURE
8                                             SOLUTIONS (USA) INC., a Florida corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW